(No. 78-CC-1168–)

LOUIS AARONS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1981.*

LOUIS AARONS, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

Claimant, Louis Aarons, in this cause seeks the sum of $858.00 in back salary. Claimant, Louis Aarons, is employed by the State of Illinois, Department of Mental Health. As of January 1978, Claimant had been working at Salary Grade 25 Step 7. In December 1977, Claimant's immediate supervisor resigned. It was Claimant's testimony that shortly thereafter he orally requested a job audit. This oral request was allegedly made on more than one occasion. No job audit took place as a result of these oral requests.

On approximately June 5, 1978, Claimant made a formal written request for a job audit. The audit took place shortly thereafter and as a result of this audit on or about June 30, 1978, the Department of Personnel issued an opinion that Claimant's position had changed and therefore Claimant was entitled to be upgraded to Grade 27 Step 5. Claimant was paid according to this upgraded position as of July 1, 1978.

It is Claimant's contention that he was entitled to be

paid at the upgraded rate from January 1978 to July 1978 because Claimant alleges that he assumed the new duties and responsibilities at that time.

It is the Respondent's position that Claimant is not entitled to any back pay because it is the policy of the Department of Personnel to implement job audit decisions at the beginning of the first payroll period following the date of decision. Such a policy has its basis in Ill. Rev. Stat., ch. 127, par. 145, which states as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payment would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principal or based upon the effective date of a collective bargaining agreement between the State, or a State agency and an employee group, or payment of funds as an adjustment to wages paid employees or officers of the State for the purpose of correcting a clerical or administrative error or oversight or pursuant to a backpay order issued by an appropriate State or Federal administrative or judicial body or officer shall not be construed as an additional payment for work already performed."

The above quoted statute clearly applies to the present circumstances and the policy of the department is sound.

The Claimant further maintains that he was entitled to the job audit based on his requests. Claimant admittedly was familiar with the procedures involving the request of a job audit. Rule 1—20 of the Department of Personnel is the governing provision and states as follows:

"ALLOCATION: It is the responsibility of each agency head to report to the Director any significant changes in the duties of every position within the agency. At the request of any agency, or at the discretion of the Director, a survey, audit, or such other investigation as may be deemed necessary by the Director shall be made to determine the proper allocation of any position to a class. Upon written request of an employee, such investigation as may be deemed necessary by the Director shall be made to determine the proper allocation of the employee's position. After making such survey, audit, or

> other investigation, the Department of Personnel shall notify the agency in which such position is located of its decision as to the proper allocation of the position in question.
>
> It shall be the responsibility of the head of the agency in which the position is located to notify the incumbent in said position of the decision of the Department of Personnel."

Claimants admits that he did not make the written request required by the rule until early June 1978. At this time the audit was promptly undertaken and the pay increase immediately implemented at the end of the pay period.

For the foregoing reason, the Claimant's claim is denied.